# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PENNONI ASSOCIATES, INC., | : |
| Plaintiff, | :   Civ. A. No. 11-939 (NLH)(KMW) |
| v. | : |
| MEDFORD VILLAGE EAST ASSOCIATES, LLC, | :   **OPINION** |
| Defendant. | : |

**APPEARANCES**:

Stephen McNally, Esq.
Chiumento McNally LLC
Cherry Tree Corporate Center
535 Route 38 East
Suite 360
Cherry Hill, NJ 08002

    *Attorneys for Plaintiff, Pennoni Associates, Inc.*

Peter Jay Boyer, Esq.
Hyland Levin, LLP
6000 Sagemore Drive
Suite 6301
Marlton, NJ 08053-3900

    *Attorneys for Defendant, Medford Village*
     *East Associates, LLC*

David C. Kistler, Esq.
Seth J. Lapidow, Esq.
Blank Rome, LLP
301 Carnegie Center
3rd Floor
Princeton, NJ 08540

    *Attorneys for Intervenor Plaintiff, U.S. Home Corporation*

**HILLMAN, District Judge**:

Plaintiff, Pennoni Associates, Inc. ("Pennoni"), initiated this action on February 18, 2011 by filing a complaint for a declaratory judgment finding that Pennoni is "the exclusive owner of copyrights in certain engineering plans that are in dispute between the parties" and that Pennoni therefore is not obligated to turn over possession of such plans to Defendant, Medford Village East Associates, LLC ("MVE").  (Compl. ¶ 1.)  Presently before the Court is MVE's motion seeking dismissal of Pennoni's claims, with prejudice, for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  For the reasons expressed below, MVE's motion to dismiss is denied without prejudice.

I.   **BACKGROUND**

Although this case is in its procedural infancy, there is a significant history of litigation between Pennoni and MVE which is detailed more thoroughly in the Court's Opinion of April 1, 2011 in the matter captioned Medford Commons, LLC v. Lexon Insurance Company, Civil Action No. 11-188 (NLH) (hereinafter, "Lexon litigation").  As noted in the Opinion, the history "involves numerous parties, real estate agreements, engineering plan proposals, and development approvals, as well as extensive litigation in New Jersey state court, federal bankruptcy court,

2

and, now, the federal district court." (Op. 4-5, Apr. 1, 2011.)
The Court shall recite here only those facts necessary to resolve
the pending motion to dismiss.

As noted in the April 1, 2011 Opinion in the <u>Lexon</u>
litigation, MVE owned a 280-acre property in Medford Township and
agreed to sell it to the Township, who, in turn, agreed to sell
portions of the property to different parties. (<u>Id.</u> at 5.)
Pennoni contracted with one of the parties involved in the
property transaction to perform engineering services, including
the modification of engineering plans and data. (<u>Id.</u>) During
the course of the real estate transactions, Pennoni received the
engineering plans and assets of other companies or firms involved
in the property's ongoing development in order to perform its
work. (<u>Id.</u>)

In a state court proceeding initiated in or around early
2008, MVE was named as a third-party defendant and filed a
fourth-party complaint against, <u>inter</u> <u>alia</u>, Pennoni. (<u>Id.</u> at 5.)
In April 2009, MVE filed a more detailed amended fourth-party
complaint against Pennoni. (<u>Id.</u> at 7.) As part of the amended
complaint, MVE averred that it "'retained rights in and to the
engineering plans prepared by Pennoni.'" (<u>Id.</u>) (quotation
omitted). In June 2009, Pennoni filed an answer and a
counterclaim for conversion against MVE, stating that Pennoni

3

"'holds an ownership interest in certain plans associated with the project which is the subject of this litigation.'" (Id. at 7-8)(quotation omitted). Moreover, Pennoni averred: "'MVE . . . exercise[d] unauthorized and wrongful dominion and control over the plans which dominion and control was to the exclusion and inconsistent with the rights of Pennoni.'" (Id. at 8)(quotation omitted). In a separate count, Pennoni asked the state court for "'a declaratory judgment determining that it is the sole owner of the plans and other work product prepared for the Project to the exclusion of MVE and Stephen D. Samost.'" (Id.) (quotation omitted).

After Pennoni filed an answer in the state court proceeding, there was a clerical error which indicated that MVE's fourth-party complaint had been dismissed. (Id. at 9.) Eventually, in December 2010, MVE entered into a tentative settlement agreement with other parties involved in the litigation concerning the property. (Id. at 10.) However, because MVE and Pennoni continued to dispute the ownership and use of the engineering plans, MVE requested that the state court enter an order directing Pennoni to show cause why MVE's fourth-party amended complaint should not be reinstated and why Pennoni should not have to turn over the plans, reports, and other documentation to which MVE had a right to retain. (Id.) The state court entered

the order and scheduled a hearing for January 12, 2011.  (Id.)

On January 11, 2011, the day before the hearing in the state court action, Pennoni filed a Notice of Removal -- thereby instituting the Lexon litigation previously brought before this Court -- on the grounds that MVE's action implicated a federal copyright issue, thereby engendering a federal question.  (Id. at 10.)  MVE moved to remand the case or, alternatively, for a preliminary injunction against Pennoni.  (Id.)

In connection with the parties' briefing on the remand issue in the Lexon litigation, Pennoni submitted to the Court a letter dated February 18, 2011 arguing that MVE raised copyright issues in the state court litigation through its briefing in support of the request for an order to show cause.  (Cert. of Stephen McNally, Esquire in Supp. of Opp. to Mot. to Dismiss Pl.'s Compl., Ex. A at 3.)  Pennoni argued that "[w]hat is apparent from MVE's submissions before both this Court and the State Court is that MVE seeks to subvert exclusive Federal jurisdiction over the copyright issues in this case, by attempting to mask them through the vague pleading of State law claims in the Fourth Amended Complaint."  (Id. at 4.)  Pennoni further explained that it was initiating a separate federal litigation -- which is the litigation that is now before the Court -- to "clarify the jurisdictional issue for the Court, and squarely present the

5

copyright issues before the Court[.]"   (Id.)

In the Lexon litigation, this Court granted MVE's motion to remand, finding that Pennoni did not attempt to remove the case within the time designated by the federal removal statute.  (Op. 20, Apr. 1, 2011.)  In so finding, the Court concluded that MVE's amended fourth-party complaint sufficiently asserted a claim of ownership by MVE over Pennoni's engineering plans, reports and other documents, and that Pennoni could have reasonably anticipated that the matter implicated a federal question of copyrights.  (Id. at 14.)  The case was remanded to the Superior Court of New Jersey on April 1, 2011.  (Order 2, Apr. 1, 2011.)

A few days later, on April 6, 2011, MVE filed in the present case a motion to dismiss the complaint for lack of subject matter jurisdiction.  MVE argues that Pennoni is attempting to "do an end-run around its decision not to remove related state court litigation to this Court in the Spring of 2009, and to avoid an Order to Show Cause hearing in that litigation, which seeks the turnover of reproducible copies of engineering plans and other information to MVE."  (Br. in Supp. of Def.'s Mot. to Dismiss Compl. (hereinafter, "Def.'s Br.") 1.)  MVE contends that Pennoni is merely seeking to assert a federal defense to MVE's state court claims under the guise of a declaratory judgment action. (Id. at 6.)  MVE notes that the complaint does not assert that

6

MVE has infringed on any copyright purportedly held by Pennoni.
(Id. at 8.)  Given the purported absence of a justiciable federal
case or controversy, MVE argues that the Court lacks subject
matter jurisdiction.  (Id. at 9.)  MVE notes that Pennoni's
actions contravene the limitation requirements on removal, as any
party attempting to remove a state court action on the basis of a
federal defense could bypass the requirements of the removal
statute by filing a separate declaratory judgment action and
seeking a stay of the state court action.  (Id. at 10.)

      In opposition, Pennoni argues that it filed this action
because only federal courts can decide issues of copyright
ownership and infringement.  (Pennoni Assoc., Inc.'s Br. in Opp.
to Medford Village East, LLC's Mot. to Dismiss (hereinafter,
"Pl.'s Opp. Br.") 1.)  Pennoni acknowledges that in light of this
Court's remand of the Lexon litigation, two of the three requests
for relief in this action – the requests for a declaration that
MVE has no ownership interest in the engineering plans and that
Pennoni is not obligated to surrender to MVE the engineering
plans – can only be decided in the state court action.  (Id. at
3.)  Pennoni argues that the Court can nonetheless resolve in
this case the issue of whether Pennoni is the exclusive owner of
the copyright in the engineering plans, which issue allegedly
does not arise as a defense to MVE's state law claims.  (Id. at

3, 6.)  According to Pennoni, MVE does not and cannot establish in the state court action ownership of a copyright.  (<u>Id.</u> at 8.) The issue of ownership of the copyright, Pennoni alleges, can only be determined in federal court.[1]

## II.  <u>JURISDICTION</u>

Pennoni alleges in the complaint that this Court has subject matter jurisdiction over the case pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the matter arises under the Copyright Act, 17 U.S.C. § 101 <u>et</u> <u>seq.</u> and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  Although MVE challenges this Court's subject matter jurisdiction, the Court has "an independent obligation to satisfy itself that it has subject matter jurisdiction over a case." <u>Adamczewski v. Emerson Elec. Co.</u>, No. Civ. A. 10-4862, 2011 WL 1045162, at *1 (D.N.J. Mar. 22, 2011) (citing <u>Meritcare Inc. v. St. Paul Mercury Ins. Co.</u>, 166 F.3d 214, 217 (3d Cir. 1999), <u>overruled on other grounds by</u> <u>Exxon Mobil Corp. v. Allapattah Svcs., Inc.</u>, 545 U.S. 546 (2005)).

---

1.  In connection with its attempt to establish ownership, Pennoni alleges that it created the engineering plans which purportedly are an original work of authorship belonging to Pennoni and are protected under the Copyright Act.  (Compl. ¶¶ 15, 17.)  Pennoni represents that in November 2010, it submitted an application to the United States Copyright Office for registration of the copyrights of the engineering plans and obtained a Certificate of Registration for such plans on December 29, 2010.  (<u>Id.</u> at ¶ 18.)

III.  <u>DISCUSSION</u>

A.    **Standard of Review**

Rule 12(b)(1) provides for dismissal of an action based on lack of subject matter jurisdiction.  <u>Fed. R. Civ. P.</u> 12(b)(1). When the existence of subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff bears the burden to show that the court has the requisite jurisdiction to hear the case.  <u>See, e.g.,</u> <u>Hedges v. United States</u>, 404 F.3d 744, 750 (3d Cir. 2005); <u>Mortensen v. First Fed. Sav. & Loan Ass'n</u>, 549 F.2d 884, 891 (3d Cir. 1977).  If a court lacks subject matter jurisdiction, it must dismiss the case without prejudice.  <u>In re Orthopedic "Bone Screw" Prod. Liab. Litig.</u>, 132 F.3d 152, 155-56 (3d Cir. 1997).

A motion to dismiss for lack of subject matter jurisdiction may either (1) "attack the complaint on its face" or (2) "attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings."  <u>Mortensen</u>, 549 F.2d at 891.  In a facial attack, all allegations in the complaint are considered true. <u>Id.</u>  In a factual attack, by contrast, the court need not presume the truth of the allegations and "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."  <u>Id.</u>  In such a case, "the court can consider affidavits attached to the moving papers or even require such affidavits to be submitted[.]"  <u>New Hope Books, Inc. v. Farmer</u>, 82 F. Supp. 2d

321, 324 (D.N.J. 2000) (citing <u>Growth Horizons, Inc. v. Delaware County, Pa.</u>, 983 F.2d 1277, 1281 n.4 (3d Cir. 1993)).[2]

A federal court does not have subject matter jurisdiction simply because relief is requested under the federal Declaratory Judgment Act. "[T]he operation of the Declaratory Judgment Act is procedural only." <u>Aetna Life Ins. Co. v. Haworth</u>, 300 U.S. 227, 240 (1937). A federal district court has jurisdiction to render a declaratory judgment pursuant to the Declaratory Judgment Act if an "actual controversy" exists. <u>Id.</u> The "actual controversy" requirement under the Declaratory Judgment Act is coextensive with the "case or controversy" requirement of Article III of the United States Constitution. <u>Id.</u>

A "controversy" under the Declaratory Judgment Act "must be definite and concrete, touching the legal relations of parties having adverse legal interests." <u>Id.</u> at 240-41. In determining whether a case satisfies the case-or-controversy requirement,

_____

2. Although MVE argues that it is asserting a facial attack, the Court finds that the motion to dismiss attacks the existence of subject matter jurisdiction as a matter of fact. MVE is not simply arguing that the averments set forth in the complaint fail to demonstrate the existence of subject matter jurisdiction. Rather, MVE seeks dismissal of the complaint based upon the litigation history of the parties and the claims already before the state court. While the amended complaint certainly details some of the procedural history, the challenge to jurisdiction is not based solely on the sufficiency of the allegations in the complaint.

courts should consider "'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007) (internal quotation omitted).

Even if there is an immediate controversy, such controversy must independently create jurisdiction. In a typical case, a declaratory judgment action is brought as an anticipatory defense to an expected action in state court. Under these circumstances, the Court must consider the character of the threatened state court action, and not the character of the defense, in deciding whether the case arises under federal law. Public Service Comm'n v. Wycoff Co., 344 U.S. 237, 248 (1952) ("Where the complaint in an action for declaratory judgment seeks in essence to assert a defense to an impending or threatened state court action, it is the character of the threatened action, and not of the defense, which will determine whether there is federal-question jurisdiction in the District Court.").

Whether a particular case "arises under" federal law "must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which

it is thought the defendant may interpose." <u>Taylor v. Anderson</u>, 234 U.S. 74, 75-76 (1914).  "[A] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." <u>Gully v. First Nat'l Bank</u>, 299 U.S. 109, 112 (1936).  Even if both parties admit that the federal defense is the primary or only question at issue in a case, under the well-pleaded complaint rule the Court considers only the elements of the plaintiffs' legal claims, and jurisdiction is not established by the presence of a federal defense.  <u>See</u> <u>Franchise Tax Bd. v. Construction Laborers Vacation Trust</u>, 463 U.S. 1, 14 (1983).

Applying these principles to cases for declaratory judgment based on a threatened or impending suit, courts must determine whether a federal question would appear on the face of the yet-to-be-filed complaint.  Courts cannot look to the nature of the declaratory judgment claim itself, which is in essence a defense to an impending action.  While this inquiry may be difficult when such claims are in the abstract, here the inquiry is simple because the claims are already pending in the state court action.

**B.   Analysis**

This case does not involve a claim of copyright infringement, but rather seeks a declaration concerning copyright ownership.  MVE concedes that there is a controversy between the

12

parties given the history of the underlying state court action and MVE's attempt to obtain the purportedly copyrighted engineering plans through that action.  Under the circumstances, there is a real and reasonable apprehension that MVE will obtain a court order requiring Pennoni to produce the engineering plans to MVE.  Notwithstanding the existence of this controversy, however, the Court must still decide whether Pennoni's claim independently creates subject matter jurisdiction given that it is filed in anticipation of a state court order requiring production of the allegedly copyrighted documents.

Despite Pennoni's efforts to couch this case as an attempt to obtain ownership of a copyright that arises independently of the state court litigation, the allegations of the complaint demonstrate that this case was filed solely a result of proceedings in the state court litigation.  Pennoni contends that MVE has challenged Pennoni's ownership of and copyright in the engineering plans and has sought in the state court action to obtain an order requiring production of the engineering plans. (Compl. ¶¶ 24, 27.)  Under these circumstances, Pennoni avers, a controversy exists between the parties.  (Id. at ¶ 35.)[3]  Pennoni

---

3.  The Court also notes Pennoni's admission in its brief that this case "is before the Court to prevent threatened copyright infringement."  (Pl.'s Opp. Br. 6.)

alleges that MVE's vague pleading in the state court action was
merely an attempt to "obscure the very real dispute between
Pennoni and MVE arising under the Copyright Act as to Pennoni's
ownership of copyrights in the [engineering plans]" and to
"deprive the United States District Court of its exercise of
exclusive jurisdiction over claims arising under the Copyright
Act." (Id. at ¶¶ 32-33.)  Therefore, it is clear that this case
is not independent of the state court action; it is the state
court proceedings that provide the "case or controversy" at the
heart of this declaratory judgment action.[4]

    Having concluded that Pennoni's claim is not an independent
basis for the exercise of federal subject matter jurisdiction,
the Court next considers the nature of the state court action to
determine whether it presents a basis for jurisdiction.
Generally, courts that undertake this inquiry look to the
hypothetical case that would be filed by a defendant.  As noted
above, in this case the defense is not anticipatory; it is in
response to an actual state court action already commenced.  It
is thus simple to determine the character of the state court

---

4.   Indeed, if the state court action was not the basis for
Pennoni's declaratory judgment claim, and Pennoni merely seeks a
declaration of copyright ownership without any practical need to
establish ownership, the Court would likely find that there is no
case or controversy under Article III.

action to see whether that action involves a claim under federal
law.

This Court has already conducted such analysis in the <u>Lexon</u>
litigation.  In that case, as previously noted, the Court
concluded that Pennoni's attempt to remove the case exceeded the
thirty-day limit imposed by 28 U.S.C. § 1446(b).  (Op. 14, Apr.
1, 2011.)  In so finding, the Court noted that through MVE's
fourth-party amended complaint, by which MVE asserted a claim of
ownership over Pennoni's engineering plans, Pennoni could have
"reasonably ascertained that the matter implicated a federal
question of copyrights."  (<u>Id.</u>)  The Court also noted that in
light of the averments in the fourth-party amended complaint,
"Pennoni could have reasonably ascertained a challenge to its
ownership over its plans that may have implicated a federal
copyright issue," and that Pennoni had "knowledge of MVE's claims
and the existence of a federal question[.]"  (<u>Id.</u> at 15, 20.)  As
such, it is clear based on the Court's prior finding that the
claims in the fourth-party amended complaint in the state court
action implicate a federal question of copyright.[5]

MVE argues that the Third Circuit's unpublished decision in

_____

5.  The Court notes both parties' assertion that the fourth-
party amended complaint does not assert a claim of copyright
ownership.  The Court concluded otherwise in the <u>Lexon</u>
litigation, and neither party has challenged that decision.

Board of Chosen Freeholders of County of Burlington v. Tombs, 215
Fed. Appx. 80 (3d Cir. 2006), is dispositive of this matter.  In
Tombs, the Burlington County Board of Chosen Freeholders
commissioned the creation of maps and provided free copies of the
maps to government agencies.  Id. at 81.  The Board sold the maps
to non-government entities for a fee.  Id.  Robert Tombs then
requested copies of the maps pursuant to the New Jersey Open
Public Records Act (hereinafter, "OPRA"), and the Board responded
that he may pay the ordinary fee for such maps.  Id.  Tombs then
threatened to obtain judicial relief, and the Board filed a
complaint in federal court seeking a declaration that the federal
copyright law preempts the OPRA request.  Id.  The district court
dismissed the action for lack of subject matter jurisdiction.
Id.

     The Third Circuit affirmed on appeal in an unpublished
decision, finding that the complaint for declaratory judgment was
essentially a defense to a threatened state court action.  Id. at
81-82.  The Third Circuit noted that district courts must
determine whether they have federal question jurisdiction by
considering the character of the threatened state court action.
Id.  The Third Circuit found that the Board could not "invoke
federal jurisdiction by asserting its federal copyright as a
defense against Mr. Tombs' OPRA claim."  Id. at 82.  The Third

16

Circuit also concluded that the complete preemption doctrine did not apply to the threatened OPRA claim because federal copyright law "does not wholly displace state statutory or common law rights to public records[.]"  Id.

Pennoni attempts to distinguish Tombs on the basis that the plaintiff in that case did not seek construction of the Copyright Act.  (Pl.'s Opp. Br. 8.)  In deciding the jurisdiction issue, the Third Circuit looked only to the character of the threatened state court action; it did not look to the character of the federal action.  Tombs, 215 Fed. Appx. at 81.  Therefore, although the nature of the federal claim in Tombs is different from the federal claim asserted by Pennoni here, the distinction is irrelevant to the Third Circuit's decision.

The more compelling distinction between Tombs and the present case is that in Tombs, the federal claim was asserted as a defense to a threatened state law claim, whereas in this case the claim in the state court action implicates a federal question.  The Third Circuit in Tombs applied the well-settled principle discussed above that federal jurisdiction cannot be based on a federal defense and must be based on the allegations in a complaint.  Such rationale is not instructive as to the outcome when the claim in the underlying litigation itself involves a question of federal law, as is the case here.

17

The Court notes MVE's argument that the copyright claim asserted by Pennoni is a federal defense to a state law claim (Def.'s Br. 2), but this argument is inconsistent with the Court's decision in the Lexon litigation.  The Court in Lexon did not remand the case on a finding that Pennoni was seeking to assert a federal defense.  Rather, the Court concluded that there was a federal question in the fourth-party amended complaint that triggered Pennoni's time to remove the matter under 28 U.S.C. § 1446.[6]  Accordingly, the Court rejects MVE's assertion in this case that the copyright claim is merely a defense to a claim based on state law.

---

6.  The Court notes Pennoni's assertion that it seeks construction of the Copyright Act in establishing ownership of the copyrights embodied in the engineering plans.  Several cases have held that establishing copyright ownership may not invoke a federal question if the inquiry is limited to contractual rights, even if the subject of the contract is a copyright.  See Rogers v. Younce, Civ. A. No. 07-CV-704, 2008 WL 2853207, at *5 (N.D. Okla. July 21, 2008)(collecting cases in which courts held that suits concerning copyright ownership do not present federal issue when ownership turns on interpretation of contract).  By contrast, when a party seeks construction of the Copyright Act to establish ownership, the claim is federal in nature.  Id. at *3 (citing T.B. Harms Co. v. Eliscu, 339 F.2d 823 (2d Cir. 1964)).  Pennoni does not explain in this case why the Copyright Act must be interpreted in connection with its ownership claim.  In any event, Pennoni's briefing in the Lexon litigation indicates that Pennoni seeks construction of the Copyright Act because there is a question as to whether MVE is a "joint author" of the engineering plans.  See Merchant v. Levy, 92 F.3d 51 (2d Cir. 1996) ("copyright ownership by reason of one's status as a co-author of a joint work arises directly from the terms of the Copyright Act itself."), cert. denied, 519 U.S. 1108 (1997).

For all of the above reasons, the Court concludes that it has subject matter jurisdiction in this action.[7]  This determination, however, does not end the inquiry because the Court is not required to exercise jurisdiction over a declaratory judgment action.  The Supreme Court held in Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942), and reaffirmed in Wilton v. Seven Falls Co., 515 U.S. 277 (1995), that when a plaintiff brings a declaratory judgment action, the district court has discretion in deciding whether to assert jurisdiction over the action or abstain from hearing it.  This discretion stems from the Declaratory Judgment Act, which expressly provides that district courts "may declare the rights and other legal relations of any interested party seeking [a] declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  The Supreme Court has noted that "[i]n the declaratory judgment context, the

_____

7.   Having so found, the Court does not address whether it also may exercise diversity jurisdiction over the parties, as the complaint does not provide a sufficient basis for such analysis. While Pennoni avers that it is a Pennsylvania corporation with a principal place of business in Pennsylvania, and that MVE is a limited liability company with its principal place of business in New Jersey, the complaint does not set forth the citizenship of each member of MVE or allege that the amount in controversy exceeds $75,000.  See Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010) (holding that LLC should be treated as partnership for purposes of establishing citizenship and noting that partnership "takes on the citizenship of each of its partners."); 28 U.S.C. § 1332.

normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." Wilton, 515 U.S. at 288.  Thus, even when a court has jurisdiction, it "is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment[.]" Id.

In Brillhart, the Supreme Court provided some guidance as the factors governing a district court's exercise of discretion. Brillhart, 316 U.S. at 495.  The Court indicated that a district court should examine "the scope of the pending state court proceeding and the nature of defenses open there." Id.  This inquiry requires consideration of "whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc." Id.  The Supreme Court declined, however, to set forth a "comprehensive enumeration of what in other cases may be revealed as relevant factors governing the exercise of a district court's discretion." Id.

The parties have not addressed whether the Court should, in its discretion, exercise jurisdiction over this declaratory judgment action.  Therefore, while the Court finds that it has subject matter jurisdiction and shall deny MVE's motion to

20

dismiss, such dismissal is without prejudice because the Court is not satisfied at this time that it should in its discretion exercise jurisdiction in this case.

The Court is hesitant to entertain this suit when it appears to be an artful attempt to circumvent Pennoni's failed attempt to successfully remove the <u>Lexon</u> litigation.  Allowing Pennoni to pursue this case in federal court would permit Pennoni to accomplish in its declaratory judgment case what could not be accomplished under the removal statute.

The Court also notes that the parties have not briefed in connection with the pending motion whether the state court can resolve the issue of copyright ownership raised by Pennoni in this case.  As a general matter, state courts have concurrent jurisdiction over federal claims, unless there is "'an explicit statutory directive, [an] unmistakable implication from legislative history, or . . . a clear incompatibility between state-court jurisdiction and federal interests[.]'"  <u>Hathorn v. Lovorn</u>, 457 U.S. 255, 266 (1982) (citation omitted).  "[E]ven a finding of exclusive federal jurisdiction over claims arising under a federal statute usually 'will not prevent a state court from deciding a federal question collaterally.'"  <u>Id.</u> (citation omitted).

Pennoni contends in conclusory fashion that only federal

21

courts can decided issues of copyright.  28 U.S.C. § 1338(a) provides that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks.  Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases."  28 U.S.C. § 1338(a).  Notwithstanding this language, the Supreme Court has not extended the doctrine of complete preemption to copyright claims, and there is disagreement among circuits as to whether the doctrine is applicable to such claims.  Rogers v. Younce, Civ. A. No. 07-CV-704, 2008 WL 2853207, at *10 (N.D. Okla. July 21, 2008) (collecting cases).  The Court notes that the Third Circuit, in Tombs, appears to have rejected complete preemption in the copyright context.  Tombs, 215 Fed. Appx. at 82.

Furthermore, the Court notes that Pennoni has cited in its opposition brief cases in which courts consider the abstention doctrine set forth in Colorado River Water Construction Districts v. United States, 424 U.S. 800 (1976).  These cases are not instructive with respect to the issue of whether the Court should exercise its discretion in maintaining jurisdiction over a declaratory judgment action.  See State Auto Ins. Cos. v. Summy, 234 F.3d 131, 134 (3d Cir. 2000)("Reviewing the declaratory

judgment remedy at some length, the [Supreme Court] reaffirmed Brillhart's standard of broad discretion and rejected Colorado River's restrictive 'exceptional circumstances' test as inappropriate for the Declaratory Judgment Act.") (quoting Wilton, 515 U.S. at 286). Therefore, to the extent Pennoni argues that the Court should in its discretion exercise jurisdiction in this case, it must provide the Court with more compelling authority to support such contention.

Finally, the Court questions whether resolution of the copyright ownership issue will resolve issues concerning MVE's rights to the engineering plans. Pennoni argues that ownership of a copyright is distinct from ownership of any material object in which the work is embodied. (Pl.'s Opp. Br. 8.) Even assuming that Pennoni owns the copyrights embodied in the engineering plans, it is unclear whether MVE would be entitled to the engineering plans pursuant to contractual agreements between other parties. Cf. Huurman v. Foster, No. Civ. A. 07-9326, 2010 WL 2545865, at *10 (S.D.N.Y. June 21, 2010) ("An additional factor that weighs against exercising our discretion to declare ownership of the motion picture's copyright is that doing so would not necessarily resolve the dispute between the parties regarding ownership of the master copy of the DVD. . . . In this instance, ownership of the master copy of the DVD may be governed

23

by the terms of agreements that apparently existed between [various parties].").

In view of the foregoing, the Court directs the parties to file supplemental briefs addressing the above considerations and any other factors that they believe should be considered by the Court in deciding whether to exercise jurisdiction over this declaratory judgment action.  The Court shall thereafter make a determination as to whether it will continue to maintain jurisdiction in this case.

## IV.   <u>CONCLUSION</u>

As set forth above, the Court finds that there is a controversy between the parties based on the proceedings in the state court and that the underlying state court litigation implicates a federal question.  Notwithstanding these findings, the Court has not yet determined whether it should in its discretion exercise jurisdiction over the sole remaining claim in this case under the Declaratory Judgment Act.  Therefore, MVE's motion to dismiss the complaint is denied without prejudice.  The parties shall be directed to file supplemental briefs addressing whether the circumstances of this case warrant the exercise of federal jurisdiction.


Dated: December 20, 2011              s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.